UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WAYNE ZIMMERMAN,<br><br>                           Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>                          Defendant. | Case No.: 19cv1318-LL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 3]** |

Currently before the Court is Plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 8] and Plaintiff's First Amended Complaint [ECF No. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiff's second motion for IFP status and **DISMISSES** Plaintiff's First Amended Complaint **WITHOUT PREJUDICE.**

I.    **MOTION TO PROCEED IFP**

In Plaintiff's second motion for IFP status, Plaintiff clarifies he makes between $100-$660 a month driving for UBER. ECF No. 8 at 1-2. Plaintiff further clarifies his family (including his spouse and one dependent child) have monthly expenses totaling $3,976.00, which exceeds his family's monthly income (Plaintiff's spouse earns on average $3000 a month in addition to the $100-$600 Plaintiff earns). Id. at 2, 4-5.

In addition, Plaintiff states that he and his family have nothing saved and have been unable to make payments on their credit cards and other miscellaneous bills for the last six months in order to afford basic necessities. Id. at 3, 5. Based on the foregoing, the Court concludes Plaintiff has sufficiently demonstrated paying the filing fee in this case would impair his ability to obtain the necessities of life. For these reasons, the Court **GRANTS** Plaintiff's second motion for IFP status.

## II. INITIAL SCREENING

Plaintiff's First Amended Complaint is almost identical to his original Complaint and contains many of the same deficiencies. See ECF Nos. 1 and 7. For example, although Plaintiff's First Amended Complaint now provides the date Plaintiff alleges his disability commenced, the First Amended Complaint still fails to state the nature of Plaintiff's disability with any specificity. ECF No. 7 at 2.

Further, in detailing the nature of Plaintiff's disagreement with the Social Security Administration, Plaintiff First Amended Complaint now alleges that "[i]n specific, the ALJ's decision lacks the support of substantial evidence because [the ALJ's decision] impermissibly rejected [Plaintiff's] subjective symptoms." ECF No. 7 at 3.

Here, Plaintiff's single "specific" conclusory allegation is insufficient to show Plaintiff is entitled to relief. "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." Schwei v. Colvin, No. 2:15-cv-01086-JCM-NJK, 2015 U.S. Dist. LEXIS 75100, at *4 (D. Nev. June 9, 2015) (citations omitted). "Similarly, a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to Section 1915(e)." Graves v. Colvin, No. 2:15-cv-00106-RFB-NJK, 2015 U.S. Dist. LEXIS 9879, at *5 (D. Nev. Jan. 26, 2015). In this case, Plaintiff's allegation is devoid of any facts showing how the ALJ's "impermissibly rejected" Plaintiff's subjective symptoms and why this was in error.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint for failure to state a claim.

## CONCLUSION

In light of the foregoing, Plaintiff is granted until **September 9, 2019** to file a Second Amended Complaint. If Plaintiff fails to file a Second Amended Complaint within the time permitted, or if the Second Amended Complaint again fails to address the defects identified in the current Order and Court's prior August 13, 2019 Order, the Court may enter a final order dismissing the action with prejudice.

**IT IS SO ORDERED.**

Dated: August 28, 2019

Honorable Linda Lopez
United States Magistrate Judge