# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WAYNE ZIMMERMAN,<br><br>                        Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>                        Defendant. | Case No.: 19cv1318-LL<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT PREJUDICE** |

On August 13, 2019, the Court dismissed Plaintiff's original Complaint without prejudice for failure to state a claim. ECF No. 6. On August 28, 2019, the Court dismissed Plaintiff's First Amended Complaint without prejudice for the same reasons. ECF No. 9. On August 30, 2019, Plaintiff filed a Second Amended Complaint. ECF No. 10.

The Court screens Plaintiff's Second Amended Complaint as required by 28 U.S.C. 1915(e). Plaintiff's Second Amended Complaint <u>still</u> fails to state the nature of his disability. Instead, Plaintiff's Second Amended Complaint (like Plaintiff's original Complaint and First Amended Complaint) merely states Plaintiff is "disabled as that term is defined in the Social Security Act." ECF No. 10 at ¶ 5. This generalized legal conclusion is unsupported by any facts whatsoever indicating, for instance, why Plaintiff alleges he is "disabled as that term is defined in the Social Security Act[.]" The Court is "not bound to

accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See also Eldridge v. Berryhill, No. 17cv497-JLS (BLM), 2017 U.S. Dist. LEXIS 51513, at *4 (S.D. Cal. Apr. 4, 2017) ("Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts.").

In its prior two orders, the Court also dismissed Plaintiff's Complaints for failing to sufficiently outline Plaintiff's disagreement with the Social Security Administration. See ECF Nos. 6 and 9. From the Court's review, Plaintiff's Second Amended Complaint does at least remedy this defect. Specifically, Plaintiff alleges the "ALJ's sole reliance on the objective evidence" was "insufficient as a matter of law" and this error is "not harmless because [Plaintiff's] testimony does not allow for work on a regular and continuous basis." ECF No. 10 at 3. Although it is not entirely clear, Plaintiff appears to be alleging the ALJ's findings were not supported by substantial evidence because the ALJ improperly rejected Plaintiff's subjective symptoms testimony based solely on an alleged lack of objective medical evidence. These new allegations do (if barely) provide Plaintiff's contentions for why the ALJ's decision was erroneous.

## CONCLUSION

In light of the foregoing, Plaintiff is granted until **September 12, 2019** to file a Third Amended Complaint. Plaintiff is cautioned that the Court has already provided Plaintiff with two prior opportunities to remedy the defects in his Complaints. If Plaintiff fails to file a Third Amended Complaint within the time permitted, or if the Third Amended Complaint again fails to address the defects identified above, the Court may enter a final order dismissing the action with prejudice.

**IT IS SO ORDERED.**

Dated: September 5, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge