UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY Z.,[1]<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 19-cv-1318-MMP<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[ECF No. 29] |

Pending before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which Plaintiff's counsel requests an award of fees for representing Corey Z. ("Plaintiff") in connection with this Social Security appeal. [ECF No. 29.] The Commissioner of Social Security ("Defendant") filed a response indicating it neither supports nor opposes the motion. [ECF No. 32.] Though Plaintiff was served with the pending motion and notified of the opportunity to respond, he did not file an objection. [*See* ECF No. 29 at 2; ECF No. 29-1 at 18.] The parties have consented to the undersigned

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

for all purposes. [ECF No. 33.] Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the motion suitable for determination without oral argument. For the reasons stated below, the Court **GRANTS** the motion.

I.   BACKGROUND

On July 16, 2019, Plaintiff filed a complaint seeking judicial review of the denial of his application for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act. [ECF No. 1.] The Court granted Plaintiff's motion for summary judgment and denied Defendant's cross-motion for summary judgment, remanding the matter for further administrative proceedings consistent with its opinion. [ECF Nos. 24, 27.[2]] Pursuant to the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920, the Court awarded attorney's fees in the amount of $4,200.00 under the Equal Access to Justice Act ("EAJA").[3] [ECF Nos. 25, 26.]

On remand, Plaintiff was found disabled under the Social Security Act from November 2, 2014 through December 31, 2019, thereby entitling him to $ 91,225.00 in past-due benefits. [ECF No. 29-1 at 4; ECF No. 29-3 at 16.]

Throughout this action, Plaintiff has been represented by the Law Offices of Lawrence D. Rohlfing Inc., CPC ("Counsel"). Counsel now moves for an attorney fee award under 42 U.S.C. § 406(b) in the amount of $22,806.25, which represents twenty-five percent (25%) of Plaintiff's total past-due benefits awarded. [ECF No. 29.] Counsel

---

[2] On April 6, 2020, the Court issued an Amended Order re Cross-Motions for Summary Judgment noting the Court's prior March 12, 2020 Order, ECF No. 24, was incorrectly captioned. [ECF No. 27.]

[3] "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)).

also seeks an order requiring it to reimburse Plaintiff in the amount of $4,200.00 for the EAJA fees previously paid. [*Id.*; ECF No. 29-1 at 4.]

## II. LEGAL STANDARD

42 U.S.C. § 406(b) governs fees for representation of individuals claiming Social Security disability benefits for proceedings in court. *Gisbrecht*, 535 U.S. at 794. "Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a Social Security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)).

Contingent-fee agreements are the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht,* 535 U.S. at 807; *see also Crawford*, 586 F.3d at 1147. "[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Ninth Circuit has instructed "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements, . . . looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht,* 535 U.S. at 808).

In determining the reasonableness of a fee award under § 406(b), the relevant inquiry is "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.*[4] District courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to

---

[4] District courts can "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151.

increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Crawford*, 586 F.3d at 1148 (internal citation and quotation omitted). The attorney must establish the fees sought are reasonable. *Gisbrecht*, 535 U.S. at 807.

Finally, any fee award under § 406(b) must be offset by the amount of attorney's fees awarded under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

**III.   ANALYSIS**

Pursuant to the Supreme Court's directive in *Gisbrecht*, the Court begins with the agreement. Plaintiff and Counsel entered a written contingent-fee agreement dated June 5, 2019 and then entered the same agreement again on January 2, 2020. Pursuant to the written agreement, Plaintiff and his counsel expressly agreed "the fee for successful prosecution of this matter" is "**25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.**" [ECF No. 35 at 3 ¶ 4; ECF No. 29-2 ¶ 4.] The parties further agreed counsel would "seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work." [ECF No. 35 at 3 ¶ 4; ECF No. 29-2 ¶ 4.] The parties entered into this fee agreement prior to initiating this federal action, and nothing in the record suggests the agreement was reached by improper means. The firm spent 22.5 hours[5] litigating this matter in federal court, resulting in an order granting Plaintiff summary judgment and remanding the case for further administrative proceedings. [ECF No. 29-1 at 15 ¶ 5, 29-5.] In accord with this agreement, the requested fee of $22,806.25 equates to 25% of Plaintiff's total past-due benefits awarded. As the requested fees is "not in excess of 25 percent of the total past-due benefits to which [Plaintiff] is entitled," Counsel is entitled to the requested fees, provided the fees are found reasonable. *See* § 406(b)(1)(A).

---

[5] In support of its fee motion, Counsel provided a breakdown of the time spent on this matter reflecting 2.8 hours in paralegal time and 19.7 hours in attorney time. [*See* ECF No. 29-5.]

      The Court next considers the reasonableness of the fee and "whether the amount need be reduced." *Crawford*, 586 F.3d at 1149. Neither the character of the representation, nor the results achieved warrant a reduction of the fee award. *See Gisbrecht*, 535 U.S. at 808. Nothing in the record suggests Counsel delayed the case. To the contrary, Counsel secured an order granting Plaintiff summary judgment and remanding the case for further administrative proceedings in less than nine months and then successfully obtained a substantial benefit award for Plaintiff upon remand. [*See* ECF Nos. 1, 27, 29-3.] Though Plaintiff was required to amend his complaint several times, such amendments did not delay the disposition of the case or otherwise reflect substandard performance warranting a reduction in fees. In addition, the amount of time spent litigating does not necessitate a reduction in fees. *See, e.g.*, *Sean M. v. Kijakazi*, No. 18-cv-2272, 2023 WL 5015399, at *3 (S.D. Cal. Aug. 7, 2023) ("The Court agrees with Counsel that Counsel's experience and expertise in Social Security law helped facilitate a favorable outcome for [the plaintiff] and with fewer hours billed.").

      Finally, the Court considers the lodestar calculation "as an aid in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151. Counsel's effective hourly rate of approximately $1,013.61 for the 22.5 total attorney and paralegal hours spent on the case is within the range of rates found reasonable in similar Social Security cases involving this same attorney and firm. *See, e.g.*, *Bartle v. Kijakazi*, No. 20-cv-1431, 2023 WL 5811845, at *2 (S.D. Cal. Sept. 7, 2023) (approving 25% of past-due benefits, consisting of $26,000.00 for 20.7 hours, making the effective hourly rate approximately $1,256.04); *Edward D. O. v. O'Malley*, No. 20-cv-01551, 2024 WL 4520344, at *3 (S.D. Cal. Oct. 16, 2024) (approving 17% of past-due benefits, consisting of $27,000 for 25.3 attorney and paralegal hours, making the effective hourly rate approximately $1,067.19); *Watkins v. O'Malley*, No. 21-cv-101, 2024 WL 2702444, at *2 (S.D. Cal. May 24, 2024) (approving 25% of the past-due benefits, consisting of $31,317.93 for 20.0 hours, making the effective hourly rate approximately $1,566.00); *French v. Kijakazi*, No. 21-cv-92, 2023 WL 8458252, at *2 (S.D. Cal. Dec. 5, 2023) (approving 19.2% of past-due benefits, consisting

of $23,787.00 for 21.3 attorney and paralegal hours, making the effective hourly rate of $1,116.76); *Marie S. v. Kijakazi*, No. 20-cv-2196, 2023 WL 2637388 at *1 (S.D. Cal. Mar. 24, 2023) (approving 16% of past-due benefits, consisting of $18,000 for 24.5 hours, making effectively hourly rate of $735.00). Counsel also submitted a billing statement detailing the work performed on Plaintiff's case, and the Court finds the number of hours expended was reasonable. [*See* ECF No. 29-5.] In sum, the Court finds none of the factors support reducing the fee award, and Counsel's requested fees are reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the motion for attorneys' fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $22,806.25. Consistent with the Commissioner's statement of position, *see* ECF. No. 32, the Court declines to order the Commissioner to make this payment but rather **DIRECTS** any fees ultimately withheld for counsel be made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC as set forth in Counsel's motion. The Court further **ORDERS** the Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff in the amount of $4,200.00 for EAJA fees received.

**IT IS SO ORDERED**.

Dated: December 23, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge